IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60103
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DWAYNE MCGEE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CR-48BS
- - - - - - - - - -
May 13, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Dwayne McGee was charged in count 1 of an indictment with conspiracy to distribute cocaine base. McGee contends that the district court erred in admitting evidence of his prior drug dealings with an unindicted coconspirator under Fed. R. Evid. 404(b). The district court did not abuse its discretion in admitting the evidence to show intent. United States v. Gonzalez, 76 F.3d 1339, 1347 (5th Cir. 1996).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McGee contends that the district court abused its discretion in concluding that venue was proper. The Government showed by a preponderance of the evidence that McGee committed overt acts in furtherance of the conspiracy and that the agreement to distribute cocaine base was formed in the Southern District of Mississippi. See United States v. Pomranz, 43 F.3d 156, 158-60 (5th Cir. 1995).

McGee argues that the only evidence showing the existence of a coconspirator with whom he could be involved in a conspiracy was the testimony of his codefendant, who was testifying under an agreement with the Government. The testimony was not incredible as a matter of law and was sufficient to establish that there was an agreement between McGee and others to distribute cocaine base. See United States v. Osum, 943 F.2d 1394, 1404-05 (5th Cir. 1991); United States v. Klein, 560 F.2d 1236, 1242 (5th Cir. 1977).

McGee contends that the district court erred in adopting the probation officer's finding that McGee had distributed 6.166 kilograms of cocaine. Because there was no objection to this finding in the district court, the issue is reviewed for plain error. United States v. Vital, 68 F.3d 114, 118-19 (5th Cir. 1995). The amount of drugs for which a defendant will be held accountable is a factual finding, United States v. Bermea, 30 F.3d 1539, 1575 (5th Cir. 1994); and, "[q]uestions of fact capable of resolution by the district court upon proper objection

at sentencing can never constitute plain error." <u>Vital</u>, 68 F.3d at 119.

McGee argues that the facts were insufficient to support an enhancement under U.S.S.G. § 2D1.1(b)(1). Again, because there was no objection, this issue is reviewed for plain error. Even if this issue is reviewable under the plain error standard as a question of law, no error is evident, plain or otherwise. <u>See</u> <u>United States v. Dixon</u>, 132 F.3d 192, 202 (5th Cir. 1997).

AFFIRMED.